UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| KEVIN BAUSTIAN and DANIEL NOLAN, | ) | |
|---|---|---|
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:13-cv-1423 SNLJ |
| | ) | |
| FIFTH THIRD BANK, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiffs Kevin Baustian and Daniel Nolan were previously employed as mortgage loan officers by defendant Fifth Third Bank. Plaintiff brought this action against defendant to recover unpaid wages and other damages under the Fair Labor Standards Act ("FLSA"), Missouri Minimum Wage Law ("MMWL"), and Missouri common law. Defendant answered the complaint, and plaintiffs have moved to strike defendant's affirmative defenses and/or to require a more definite statement (#8). The motion has been fully briefed and is now ripe for disposition.

Federal Rule of Civil Procedure 12(f) states that the Court "may strike from a pleading...any...immaterial...matter...on motion made by a party." Because they propose a drastic remedy, motions to strike are not favored and are infrequently granted. *Stanbury Law Firm, P.A. v. Internal Revenue Service*, 221 F.3d 1059, 1063 (8th Cir. 2000). Nonetheless, resolution of such a motion lies within the broad discretion of the Court. *Id.*

In the matter at hand, the parties disagree regarding whether the relatively new pleading standards for complaints set forth by the United States Supreme Court in *Twombly* and *Iqbal* apply equally to affirmative defenses. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Those two cases underscore the Federal Rules'

basic pleading tenets: (1) that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and (2) "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 555-56). Commonly invoked in the context of motions to dismiss, these pleading standards require that a plaintiff plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Plaintiff contends that those pleading standards are applicable to affirmative defenses, as well. The Court of Appeals for the Eighth Circuit has not opined on that matter since *Twombly* and *Iqbal* were decided. Generally, and "[a]s numerous federal courts have held, an affirmative defense may be pleaded in general terms and will be held to be sufficient, and therefore invulnerable to a motion to strike, as long as it gives the plaintiff fair notice of the nature of the defense." 5 Charles Alan Wright et al., *Federal Practice & Procedure* § 1274 (3d ed. Westlaw 2013) (footnotes omitted).[1] The Eighth Circuit has observed, for example, that "while a limitations defense must be asserted in a responsive pleading, it need not be articulated with any rigorous degree of specificity, and is sufficiently raised for purposes of Rule 8 by its bare assertion." *Zotos v. Lindbergh Sch. Dist.*, 121 F.3d 356, 361 (8th Cir. 1997) (quoting *Daingerfield Island Protective Soc'y v. Babbitt*, 40 F.3d 442, 445 (D.C. Cir. 1994)) (internal quotation omitted). The District Courts in this Circuit (and courts within this District) appear to disagree as to whether heightened pleading of affirmative defenses is required post-*Iqbal*. *See Strauss v. Centennial Precious Metals, Inc.*, 291 F.R.D. 338, 342 (D. Neb. 2013) (collecting

---

[1] Excepted from that rule are "defenses that fall within the special pleading provisions in Rule 9, especially Rule 9(b), which deals with fraud, mistake, and condition of the mind, or the terms of a federal statute." *Id.*

2

cases and noting that *Twombly* and *Iqbal* do not appear to have affected the Eighth Circuit's "holdings that a minimal pleading standard applies to affirmative defenses"); *but see Lemery v. Duroso*, 4:09CV00167 JCH, 2009 WL 1684692 (E.D. Mo. June 16, 2009) (requiring that the defendant plead facts to support legal conclusions stated as affirmative defenses); *cf. CitiMortgage, Inc. v. Draper & Kramer Mortgage Corp.*, 4:10cv1784 FRB, 2012 WL 3984497, *3 (E.D. Mo. Sept. 11, 2012) (plausibility standard does not apply to affirmative defenses) *with Amerisure Ins. Co. v. Thomas*, 4:11cv642 JCH, 2011 WL 3021205, *2-3 (E.D. Mo. July 21, 2011) (plausibility standard does apply to affirmative defenses); *Hayden v. United States*, 4:12 CV 2030 DDN, 2013 WL 5291755 (E.D. Mo. Sept. 19, 2013) (collecting cases).

As a court in this District recently observed,

> Courts that decided that the plausibility standard should not be applied to affirmative defenses have adverted to Rule 8(b)'s requirement that a defense be stated "in short and plain terms"...[but] have required that affirmative defenses be more than "bare bones conclusory allegations." Further, consideration is given to the requirement of Rule 12(b) that every defense to a claim must be asserted in the required responsive. "Given this dictate and the early procedural posture at which defendants commonly must plead affirmative defenses, it is unreasonable to expect Defendant to plead affirmative defenses with the particularity that the [plaintiff's] motion implies is necessary."

*Hayden*, 2013 WL 5291755, at *3 (quoting and citing Fed. R. Civ. P. 8(b) and *U.S. ex rel. Monahan v. Robert Wood Johnson University Hosp. at Hamilton*, 02-5702 JAG, 2009 WL 4576097, *5 (D.N.J. Dec. 1, 2009)) (internal citations omitted). This Court is in agreement with those courts that hold that the plausibility standard does not apply to affirmative defenses. Ultimately, "a defense should not be struck if it is 'sufficient as a matter of law' or 'presents a question of law or fact which the court ought to hear.'" *Fleishour v. Stewart Title Guar. Co.*, 640 F. Supp. 2d 1088, 1090 (E.D. Mo. 2009) (quoting *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977)).

Defendant's answer denies that it violated state or federal law and sets forth 14 affirmative defenses. The Court has reviewed and considered each of those 14 affirmative defenses and holds that the defendant has adequately pleaded those affirmative defenses by stating them in short and plain terms as required by the Federal Rules of Civil Procedure.

Plaintiffs alternatively seek a more definite statement from defendant with respect to defendant's affirmative defenses. That request should be denied for the same reason plaintiffs' motion to strike is denied. However, after some initial discovery has taken place, it may be appropriate for plaintiffs to raise their motion for a more definite statement again. For that reason, that aspect of plaintiffs' motion is denied without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion to strike defendant's affirmative defenses (#8) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's Motion to require a more definite statement (#8) is **DENIED** without prejudice.

Dated this   3rd   day of December, 2013.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE